**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PEDRO SANCHEZ GUZMAN,**<br>**Petitioner,**<br>**v.**<br>**WARDEN, DELANEY HALL DETENTION FACILITY,**<br>**Respondent.** | **Case No. 26–cv–12065–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Pedro Sanchez Guzman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Honduras. (ECF No. 7–2 p. 1.) He entered the United States at an unknown place and time. (*Id.*)

2. The Department of Homeland Security (Department) arrested petitioner on September 11, 2026 and detained him in Delaney Hall Detention Facility. (*Id.* pp. 2, 3.)

3. Respondents filed an answer stating that petitioner was being detained pursuant to 8 U.S.C. § 1226(a) and was granted a $10,000 bond on September 15, 2026. (ECF No. 7–3 p. 1.) He declined to have an immigration judge review the Department's custody decision. (*Id.*)

4. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress … ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) (quoting *Borbot v. Warden Hudson Cnty. Corr.*

*Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

6. The Department made an initial custody determination that petitioner could be released on $10,000 bond, and petitioner declined to have an immigration judge review that determination. (ECF No. 7–3 p. 1.) That is petitioner's right, but "[i]mmigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

7. Petitioner's "failure to follow this procedure [is] fatal to" my "jurisdiction over [his] habeas petition." *Duvall*, 336 F.3d at 233.

Accordingly,

**IT IS** on this **22nd** day of **September 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED FOR LACK OF JURISDICTION**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. The Clerk shall send petitioner a copy of this opinion and order by regular mail and **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**